Per curiam.

The case was fairly submitted to the jury, and the presiding judge is satisfied with the verdict. It does not appear that any rule of law has been infringed, nor that the verdict is contrary to evidence. Therefore a new trial is denied.
Brevard, J.
The rights of creditors are not in question. There is no sufficient evidence of imposition, or undue advantage taken of a drunken man. There is no sufficient evidence that Hamilton had any certain knowledge of the prior existing deed to Betsey M. Brown. There was no evidence of the concealment of material facts, or false allegations, to overreach and defraud Brown. How far the deed is to be considered valid, or sufficient, to transfer the estate, in opposition to the prior deed to Betsey M. Brown, must depend on the true construction of the stat. 27 Eliz. c. 4. The doctrine appears to be established in England, that voluntary conveyances by this statute, are to be regarded as against *206 subsequent purchasers for valuable consideration, as fraudulent and void, and that notice of a prior voluntary conveyance is not material. This doctrine has been sometimes doubted, in conse-cluence ceriain expressions of Lord Mansfield, in the cases of Cadogan v. Kennet, and Doe v. Routledge. 1 Cowp. 432, 705. It seems to me, that in those cases, Lord Mansfield has confounded the rights of creditors with those of subsequent purchasers; whereas, the stat. 13 and 27 Eliz., appear to have distinct objects in view. He says, truly, that voluntary conveyances may be good against creditors; but it does not follow that they are so against purchasers. Voluntary conveyances are not void merely, because they are voluntary, but because, from the circumstance of their being voluntary, coupled with the circumstance of a subsequent sale and conveyance, for a valuable consideration, by the same person who made the voluntary conveyance, it is to be collected and legally inferred, pursuant to the statute of 27 Eliz., that the voluntary conveyance was fraudulent; and because the statute declares such voluntary conveyances void, as against such purchaser. See 8 T. R. 521. Nunn v. Wilsmore. 9 East. 59. Cowp. 280. 5 Co. 60. Gooch’s case. Cro. J. 158, 455. Hard. 395, 2 Bro. Ch. R. 148. 2 Ves. jr. 10. Roberts on Fraudulent Conveyances, passim. Fon. Bl. Eq. The word voluntary is not in the statute. It has rather an ambiguous meaning. Whenever a conveyance is made, without a plain consideration of value, it may be considered as voluntary, or gratuitous, and a presumption of fraud arises upon the stat. 27 Eliz. But this presumption may be repelled, by shew, ing that the deed was really made upon a valuable consideration, and was not merely voluntary. The total want of consideration is a conclusive argument of fraud, under the statute. The word voluntary must be limited to cases wherein no inducement of in. terest appears. Where it may be naturally presumed that one act was the consideration of another, the consideration must be deemed valuable.